UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID THOMPSON, as owner of the
1994 Sea Ray Express 44,
HIN#SERP2089G394, for exoneration
from or limitation of liability

      Petitioner,

v.                                        Case No: 2:17-cv-370-FtM-99CM

ACE AMERICAN INSURANCE
COMPANY,

      Respondent.
_____

## ORDER

This matter comes before the Court upon review of Petitioner's Motion to Strike Notice of Filing Claim and Answer to Petition ("Motion to Strike") by Ace American Insurance Company ("Ace") (Doc. 17) and Petitioner's Motion for Final Default Judgment Against All Persons and Entities ("Motion for Default Judgment") (Doc. 18), both filed on August 25, 2017; and Ace's Response in Opposition to Petitioner's Motion to Strike, or in the Alternative, Motion for Enlargement of Time (Doc. 19) filed on August 28, 2017. Having reviewed the motions and relevant pleadings, the Court finds that Petitioner's Motion to Strike (Doc. 17) is due to be granted in part with leave for Ace to amend its Notice of Filing Claim Responsive to the Order Granting Monition ("Claim") and, if necessary, Answer (Docs. 19, 20); Petitioner's Motion for Default Judgment (Doc. 18) is due to be denied; and Plaintiff's Motion for Enlargement of Time (Doc. 19) is due to be granted.

I. Background

On June 30, 2017 Petitioner filed a Verified Petition for Exoneration from or Limitation of Liability. Doc. 1. Petitioner, David Thompson, as owner of the 1994 Sea Ray Express, HIN#SERP2089G394, sought exoneration from or limitation of liability to the value of his interest in the vessel under the Shipowners Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* *Id.* at 1-2. On July 21, 2017 the Court granted Petitioner's Motion (Doc. 8), and issued an Order of Limitation Injunction (Doc. 9), Order Approving Petitioner's Security (Doc. 10), and Order on Monition (Doc. 11). The Order on Monition required all persons asserting claims with respect to the Petitioner's Verified Complaint to file their claims with the Court within thirty (30) days of the Order. Doc. 11 at 1. Thus, the deadline to timely file a claim was Monday, August 21, 2017.[1]

Three days after the expiration of the deadline to timely file a claim, Ace filed an Answer (Doc. 14) and Claim (Doc. 15). The following day, Petitioner filed his Motion to Strike (Doc. 17) and Motion for Default Judgment (Doc. 18).

II. Motion to Strike

In Petitioner's Motion to Strike, Petitioner alleges that the Answer and Claim not only were untimely, but insufficient in that they lack any factual support or basis. Doc. 17 ¶¶ 7-8. Ace opposes the motion, although it agrees that due to a clerical error, its answer was untimely. Doc. 19 ¶ 3.

---

[1] Sunday, August 20, 2017 was thirty days from the date of the Court's order; however, because the date fell on a Sunday, the deadline is moved to the following business day. Fed. R. Civ. P. 6(a)(1).

"District courts have broad discretion in disposing of motions to strike under Fed. R. Civ. P. 12(f)."[2] *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (internal citations omitted). Striking a pleading, however, is a "drastic remedy, which is disfavored by the courts." *Hansen v. ABC Liquors, Inc.*, No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009). Pursuant to Rule 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court generally does not exercise its discretion to strike under Rule 12(f) "unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995).

Here, there is no insufficient defense as Petitioner acknowledges that Ace is not asserting any affirmative defenses (Doc. 17 ¶ 7), but rather is claiming damages related to the incident that occurred in or about January 23, 2014 and is the subject matter of the Petition. Docs. 1, 15. Petitioner asserts, however, that Respondent's Claim was insufficient under Rule F(5). *See* Fed. R. Civ. P. F(5). Rule F(5) requires that "[e]ach claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued. If a claimant desires to contest either the right to exoneration from or the right to limitation of

---

[2] The Court notes that pursuant to Rule A(2) of Appendix 2C of the Federal Rules of Civil Procedure, "[t]he Federal Rules of Civil Procedure also apply to [admiralty] proceedings except to the extent that they are inconsistent with these Supplemental Rules."

liability the claimant shall file and serve an answer to the complaint." Fed. R. Civ. P. F(5).

In this case, Ace filed and served an Answer to the complaint along with its Claim. Docs. 14, 15. The Claim does nothing more than state Ace's damages, and does not clarify the facts upon which Ace relies. *See* Doc. 14; *see also* Fed. R. Civ. P. F(5). Nor does the Answer provide specific information regarding Ace's alleged damages and the factual allegations supporting them; rather, it merely responds to the allegations in Petitioner's complaint. *See* Doc. 14; *see also* Fed. R. Civ. P. F(5). As such, Ace has not satisfied the requirements of Rule F(5). Accordingly, Petitioner's Motion to Strike is due to be granted in part. The Court will, however, give Ace leave to amend its Claim to comply with the requirements of Rule F(5), and if necessary, its Answer, as discussed below.

### III. Motion for Default Judgment and Respondent's Motion for Enlargement of Time

In addition to its Motion to Strike, Petitioner has filed a Motion for Default Judgment. Doc. 18. In support of its Motion, Petitioner states that as of the date of the Motion, no claims compliant with Supplemental Rule F of the Federal Rules of Civil Procedure had been filed. *Id.* at ¶ 5. In making this assertion, Petitioner relies on the arguments advanced in its Motion to Strike. *Id.* at 2 n. 1. Ace opposes both motions and seeks an enlargement of time for its untimely filing. Docs. 19, 20.

Although Plaintiff properly effected service pursuant to section Rule F(4), "[c]ourts have a longstanding policy favoring adjudication of lawsuits on the merits, thus defaults are disfavored." *Bateh v. Colquett D. Trucking, Inc.*, 2011 WL

4501385, *1 (M.D. Fla. 2011) (citing *Kilpatrick v. Town of Davie*, 2008 WL 3851588 (S.D. Fla. 2008). Simply because Ace failed to timely respond to the complaint, it does not show an intentional or reckless disregard for judicial proceedings. *See id.* Here, Ace filed its Answer and Claim three days after the Court's deadline and before Petitioner filed its motions. Docs. 14, 15. Petitioner will not be prejudiced by the minimal delay as this case is still in the early stages of litigation, and the deadline imposed by the Court was not jurisdictional in nature. *See* Fed. R. Civ. P. F(4).

Moreover, Rule F(4) stipulates that the Court "may enlarge the time within which claims may be filed" for good cause. Fed. R. Civ. P. F(4). This, in conjunction with Rule 6(b)(1)(B), allows the Court discretion to grant Ace an extension of time on motion made after the time has expired if it shows both good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1), F(4). Here, the Court finds Ace has shown good cause for an extension, as well as excusable neglect because Ace's delay was due to a clerical error. Doc. 19 ¶ 3. Accordingly, the Court will grant Ace's Motion for Enlargement of Time and deny Petitioner's Motion for Default Judgment.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Petitioner's Motion to Strike Notice of Filing Claim and Answer to Petition by Ace (Doc. 17) is **GRANTED in part**. Ace is given leave to file an amended Claim and, if necessary, Answer in compliance with Rule F(5) of the Federal Rules of Civil Procedure.

2. Petitioner's Motion for Final Default Judgment Against All Persons and Entities (Doc. 18) is **DENIED**.

3. Ace's Response in Opposition to Petitioner's Motion to Strike, Or in the Alternative, Motion for Enlargement of Time (Doc. 19) is **GRANTED**. Ace shall have up to and including **December 1, 2017** to file an amended Claim and, if necessary, an amended Answer.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of November, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record